### Ferralli & Ferralli v. Department of Environmental Resources

*Robert N. Spaeder,* for appellants.
*Paul F. Burroughs,* contra.

WATERS, Member, December 26, 1974.—This matter comes before the board as an appeal from the re-

fusal of an on-lot, above-surface sewage disposal permit by the Erie County Health Department. Appellants allege that they purchased the lots in question because of an assurance by an agent of the County Health Department that he would grant the permit in issue. It is conceded by all parties that the lots in question could not qualify for a standard subsurface, on-lot disposal system under present department regulations.

### FINDING OF FACTS

1. Appellants, Anthony Ferralli and his wife, reside in the City of Erie, Erie County, Pa.

2. On or about April 27th, and again on May 19, 1972, appellants signed an agreement to purchase lots Nos. 40-42 in Fairview Township, Erie County, Pa.

3. On May 11, 1973, an authorized agent of the Erie County Department of Health inspected appellants' lots at their request, and advised them that a standard sub-surface sewage disposal system would not be permitted, although no formal application for permit had been filed at that time.

4. The unsuitability of the soil was the reason that an on-lot, sub-surface system was not permitted.

5. During this same period of time, the Erie County Health Department was permitting above-surface sewage disposal systems in the same general area where appellants' lots are located, and appellants were advised of how they could proceed to obtain such permit.

6. Appellants never applied for an on-lot sewage permit for a sub-surface or for an alternate type system prior to July 13, 1973.

7. On July 13, 1973, the Department of Environmental Resources ordered the Erie County Department of Health to issue no more permits for alternate on-lot systems.

8. On August 7, 1973, appellants, for the first and only time, applied for an on-lot sewage disposal permit.

9. During the period from May 1973 to August 1973, appellants had no contact with either the Erie County Department of Health or the Department of Environmental Resources, and neither party knew of appellants' continuing interest in obtaining a permit.

10. The lots in question cannot qualify for permit for an on-lot sub-surface sewage disposal system.

## CONCLUSIONS OF LAW

1. The board has jurisdiction over the parties and subject matter of this appeal.

2. There was no showing that the department acted outside of its discretionary power in directing the Erie County Health Department to grant no more permits for alternate on-lot sewage disposal systems after July 13, 1973.

3. No estoppel can arise under the facts of this case.

4. The action of the Erie County Department of Health was proper in denying the permit here in question.

## DISCUSSION

This case illustrates the hardship that can arise from a lack of communication. The appellants believe themselves entitled to a permit for sewage disposal because an agent of the Commonwealth indicated that they could obtain a permit, some months prior to their actual application therefor.

We believe that the Erie County Department of Health would have a continuing obligation to keep appellants informed of any changes or impending changes in the administration of the permit program only if appellant had either filed an application or specifically agreed with the Department that this would be done. In fact, appellants did not file the application, rejection of which has led to this appeal, until almost one month after the department ceased issuing the kind of permit appellant needed. Appellant has neither alleged nor proven that there was a specific

agreement that the department would keep them advised on any regular basis of changes in their procedures. It is, of course, a regrettable hardship that appellants have purchased land based on their belief that they would be able to obtain the necessary sewage and building permits. Our view of the estoppel issue raised in this case might be different if a permit had already been granted and construction begun. See Commonwealth v. Wolford and Bednar, EHB Docket No. 73-351-W, issued January 25, 1974.

It is clear that the economic hardship caused appellants must be attributed to their failure to include in the May 19th purchase agreement for the lots, the same saving clause contained in the April 27th agreement. It is a costly oversight, but one that cannot properly be used by this board as a reason to overturn a proper action taken by the Erie County Health Department.

### ORDER

And now, December 26, 1974, the appeal of Ferralli & Ferralli, appellants, is hereby dismissed, and the action of the Erie County Department of Health is sustained.